DANIEL WHITFORD *vs.* JOHN S. C. KNOWLTON.

A petition for leave to establish the truth of exceptions will not be dismissed as insufficient, if it avers that the matters set forth in the disallowed bill of exceptions, which is annexed, are correctly stated, and both taken together recite sufficient facts to authorize the granting of the petition.

The proper time for filing a petition for leave to establish the truth of exceptions, in other counties than the eastern counties of this commonwealth, is at the first ensuing law term of this court.

PETITION representing that, after the rendition of a verdict in an action of the petitioner against the respondent at the December term of the superior court 1862, the petitioner filed his bill of exceptions to the rulings and instructions of the presiding judge, which bill of exceptions was filed as required by law, and the judge refused to allow the same ; and that a copy of said bill of exceptions was annexed and made a part of this petition, and that it set forth in full the allegations and all facts material thereto, and that the matters set forth in the bill of exceptions are correctly stated; and praying that said bill of exceptions may be allowed. The copy of the bill of exceptions annexed contained the usual formal statements, which are sufficiently referred to in the opinion.

The answer admitted that a copy of the petition was delivered to the respondent on the 18th of September 1863, which was more than ten days before the sitting of this term of the court, but denied that this notice was seasonable; and further denied that the petition was sufficient. The case came up upon these papers.

*F. H. Dewey,* for the petitioner, cited *Elwell* v. *Dizer,* 1 Allen 484 ; *Phillips* v. *Hoyle,* 4 Gray, 570.

*G. F. Hoar,* for the respondent.

CHAPMAN, J.    The respondent admits the truth of the allega-
tions in the petition, but objects that they are insufficient, for
several reasons which he assigns.

The petition, though it alleges that the exceptions were filed
as required by law, does not state that notice was given to the
adverse party, or that they were presented to the court, or that
they were saved in conformity with the 34th rule of the supe-
rior court.   But taking the petition in connection with the copy
of the bill of exceptions annexed to it, and the allegation that
the matters set forth in the bill are correctly stated, there is a
sufficient allegation that the exceptions were properly taken and
filed, and acted upon by the presiding judge.   As he refused to
allow the exceptions, the respondent had no need of notice to
appear before him.

The present is the proper term for filing the petition, and it is
admitted that a copy was delivered to the respondent's attorney
of record more than ten days before the sitting of the court.
This is in conformity with the 32d rule of this court.   But it is
objected that this is insufficient under the Gen. Sts., and the case
of *Elwell* v. *Dizer*, 1 Allen, 484, is cited.   But that case applies
exclusively to the eastern counties, in which questions of law
are carried to the law term of the court for the Commonwealth.

The petition being properly before the court, a commissioner
is to be appointed to hear the parties and report the facts to the
court